Brice Everett LIGGENS, Appellant,

v.

The STATE of Texas, State.

No. 2–99–529–CR.

Court of Appeals of Texas,
Fort Worth.

June 21, 2001.

---

J.R. Molina, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Curtis Jenkins, and Elizabeth Berry, Asst. Crim. Dist. Attys., Fort Worth, for State.

Panel F: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

GARDNER, Justice.

Brice Everett Liggens appeals his conviction for robbery by threats. A jury found appellant guilty of the offense, found the enhancement paragraph in the indictment true, and assessed punishment at forty years' confinement. In four points, appellant challenges the legal and factual sufficiency of the evidence and contends the trial court erred by admitting hearsay evidence. We affirm.

At trial, the State called witnesses who testified that on November 23, 1998, around midnight, appellant entered the Albertson's Store on Denton Highway and left the store with $476 worth of merchandise without paying for it. Robert Johnson, a "stocker," and several other store employees followed appellant out to the parking lot, where appellant unloaded the merchandise from a grocery basket into his car, a white Cadillac sedan. Appellant told the store employees that he had the receipt in the glove box, but he failed to produce a receipt. Appellant shoved the female passenger in the car over into the driver's seat and got into the passenger side. He reached over, started the car, put his foot on the gas pedal from the passenger side, and "gassed" it. Several employees standing in front of the Cadillac, including Johnson, had to jump out of the way to avoid being hit. The car "brushed" Johnson's leg as it sped past. The car stopped in a corner of the parking lot before exiting the parking lot and heading north toward Denton. The store manager called the police and relayed the Cadillac's license plate number to them. The occupants of the car led police on a thirty-mile, high-speed chase. Finally, in Denton, the Cadillac crashed into another car that was stopped at a red light. Appellant, who was driving, was arrested and taken into custody.

The defense called no witnesses and appellant did not testify on his own behalf.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02 (Vernon 1994). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(a). Theft is defined as the unlawful appropriation of property with intent to deprive the owner of the property. *Id.* § 31.03(a) (Vernon Supp.2001). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b). An "owner" is a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. *Id.* § 1.07(a)(35) (Vernon 1994). "Person" means an individual, corporation, or association. *Id.* § 1.07(a)(38). "Possession" means actual care, custody, control, or management. *Id.* § 1.07(a)(39).

In points one and two, appellant contends the evidence is legally and factually insufficient to prove the essential element of "in the course of committing theft" because the State did not show "ownership in [the] person of any witness." In other words, appellant argues the evidence fails to show beyond a reasonable doubt that any of the State's witnesses was an owner, a special owner, or had a greater right to possession of the stolen items than did appellant.

■ In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim.

App.2000); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim.App.1991).

■ In contrast, in reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson,* 23 S.W.3d at 11. Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id* . at 8–9; *Clewis,* 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson,* 23 S.W.3d at 9, 12; *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997). These standards for review apply equally to direct and circumstantial evidence cases. *Kutzner v. State,* 994 S.W.2d 180, 184 (Tex. Crim.App.1999).

■ Proof of ownership may be made by direct or circumstantial evidence, just as any other issue in a criminal case. *Robertson v. State,* 871 S.W.2d 701, 707 (Tex.Crim.App.1993), *cert. denied,* 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994); *Jordan v. State,* 707 S.W.2d 641, 644–45 (Tex.Crim.App.1986). A "special owner" is an individual, such as an employee, who is in care, custody, or control of the property belonging to another person or a corporation. *Harrell v. State,* 852 S.W.2d 521, 523 (Tex.Crim.App.1993); *Roberts v. State,* 513 S.W.2d 870, 871–72 (Tex.Crim.App.1974). A store employee has sufficient interest in property taken during the course of a robbery to qualify as an owner of the property under the robbery statute. *Thomas v. State,* 864 S.W.2d 193, 197 (Tex.App.— Texarkana 1993, pet. ref'd).

■ Here, the evidence showed that the manager on duty that night, Cynthia Hammack, did not give permission to appellant to take the merchandise from the store. Hammack had worked for Albertson's eighteen years and had held a management position with the company for two and a half years. This was sufficient evidence, under either standard, from which a rational trier of fact could have found beyond a reasonable doubt that Hammack had a greater right to the actual care, custody, control, or management over the merchandise than appellant. We overrule points one and two.

■ In his third point, appellant contends the evidence is factually insuffi-

cient to show he intentionally or knowingly threatened or placed Robert Johnson in fear of imminent bodily injury or death. Appellant urges that Johnson's testimony was inconsistent or contradictory on the issue. Johnson testified that after starting the car, appellant looked right at him and "gassed" it. When asked if he thought he was going to get hurt at the time, Johnson said:

> Yeah, I really did. I thought when he looked at me, at that point I thought he was going to run me over. I can't say he would try to, you know, harm me, but I did think he was going to run me over to try to get me out of his way. He would have run me over to get me out of his way.

On cross-examination, Johnson stated: "He did accelerate very fastly, I mean, but if I wouldn't have moved, rest assured that he would have hit me on both knees, I mean." Appellant also points out alleged inconsistencies in Johnson's testimony concerning whether Johnson jumped or merely stepped out of the path of the car and whether the car actually came into contact with Johnson's body or his clothing. It was the role of the jury, however, to resolve any conflicts or inconsistencies in Johnson's testimony. *See Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982). Assuming the jury resolved any conflicts or inconsistencies in favor of the verdict, we cannot say that the evidence supporting a finding that Johnson was placed in fear of imminent bodily injury or death is so weak as to undermine confidence in the verdict. We overrule point three.

In appellant's fourth point, he contends the trial court erred by admitting hearsay testimony into evidence over his objection. Police Officer Glenn Spinella testified that he was dispatched to the Albertson's store on the night in question in response to the manager's robbery call. The following exchange occurred:

[PROSECUTOR:] Did you have an opportunity to talk to the employees who were outside of the Albertson's that evening?

[OFFICER:] Yes, some. I think I spoke to two, or actually I listened to two.

[PROSECUTOR:] How did they appear to you? What was their demeanor?

[OFFICER:] Very excited, very animated, speaking with their hands. They couldn't sit still, just very animated; scared.

[PROSECUTOR:] Did they tell you what had happened?

[OFFICER:] Yes, just general terms.

[PROSECUTOR:] All right. What was the information that you received from them?

At that point, appellant objected on hearsay grounds. The trial court initially sustained the objection, but the State argued it was offering the testimony under the excited utterance exception to the hearsay rule. The trial court overruled the objection, and the officer continued to testify as follows:

[OFFICER:] A number of store employees had attempted to stop a black male and a black female that had exited the store with a grocery cart that was partially filled with baby formula. The employees realized that these two people had not paid for the items in the grocery cart and attempted to stop them from leaving the store and leaving the parking lot with the items in the grocery cart.

[PROSECUTOR:] Did the employees tell you what measures they took to stop the people from leaving the parking lot?

[OFFICER:] They grabbed the grocery cart. They tried to grab some of the

items out of the grocery cart as some of the items were being placed into the vehicle.

[PROSECUTOR:] Did anything happen? Did they relate any information to you about what happened when the shoplifters got into the car?

[OFFICER:] One of the persons stated that they—people in the vehicle in— leaving the parking lot apparently tried to hit them.

[PROSECUTOR:] Tried to hit them, run over them with a car?

[OFFICER:] Yes.

An excited utterance is "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" and is an exception to the hearsay rule. TEX.R.EVID. 802, 803(2). Appellant contends the officer's testimony was inadmissible under this exception because the excited utterance was of unknown declarants or a group of declarants. He states that he has found no authority to support admission of excited utterance which is unattributable to a particular declarant.

■ While we do not find this issue directly addressed in previous cases, we note that statements by unidentified declarants have been admitted as excited utterances. *See, e.g., City of Dallas v. Donovan,* 768 S.W.2d 905, 906 (Tex.App.— Dallas 1989, no writ) (statement by unidentified woman that she had reported that sign was "down" several days before accident admitted as excited utterance); *see also David v. Pueblo Supermarket,* 740 F.2d 230, 234–35 (3d Cir.1984). It is clear from the record in this case, however, that the statements were made to the officer by two Albertson's employees outside the store within minutes of the robbery. We do not find the fact that Spinella failed to specifically identify each employee by name as a determinative factor regarding the admissibility of the excited utterance under these circumstances. Thus, we cannot conclude the trial court abused its discretion by admitting the testimony under the excited utterance exception. *See Salazar v. State,* 38 S.W.3d 141, 154 (Tex. Crim.App.2001); *Moon v. State,* 44 S.W.3d 589, 593-94 (Tex.App.—Fort Worth, 2001, pet. ref'd). Moreover, any error in admitting the testimony was harmless in light of other properly admitted testimony of store employees proving the same facts. *See* TEX.R.APP.P. 44.2(b); *Brooks v.. State,* 990 S.W.2d 278, 287 (Tex.Crim.App.), *cert. denied,* 528 U.S. 956, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999); *Couchman v. State,* 3 S.W.3d 155, 160–61 (Tex.App.—Fort Worth 1999, pet. ref'd). We overrule appellant's fourth issue.

We affirm the trial court's judgment.