COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-048-CR

 

 

TED NEAL BISHOP                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

MEMORANDUM OPINION[1]

------------

I.  INTRODUCTION








A jury
found Appellant Ted Neal Bishop guilty of the offense of graffiti causing
pecuniary loss of between $1,500 and $20,000, and the trial court sentenced him
to 365 days= imprisonment and a $500
fine.  The trial court suspended
imposition of the jail portion of the sentence and placed Bishop on two years=
community supervision.  In two issues,
Bishop argues that the evidence was legally and factually insufficient to
support his conviction and that his defense counsel was ineffective.  We will affirm.

II.  FACTUAL
AND PROCEDURAL BACKGROUND

Janice
Cranford owns an antique store in downtown Electra.  She purchased the lot and building where she
operates the antique store from Shirley Craighead in 2006.  Bishop owns the vacant lot immediately to the
north of Cranford=s lot.  When Cranford purchased her property in 2006,
she made extensive repairs to the building, including resurfacing the exterior
of the north wallCthe wall that faces Bishop=s
property.  She requested and received
permission from Bishop to go onto his property to resurface that wall.








On
November 2, 2007, Bishop went to the Electra Police Department to complain
about people removing his no trespassing signs from his vacant lot. He wanted
Electra=s Chief
of Police Johnny Morris to find out who was removing the signs.  Bishop told Chief Morris that Ahe
wanted that pervert to keep off of his property@ and
that he was Agoing to go get a can of black
spray paint and spray something@ on the
north wall of Cranford=s antique store because Ait=s his
wall.@  Chief Morris advised against spray painting
the wall because it belonged to Cranford. 
Bishop left the police department and drove towards his home.  Later that evening, Chief Morris saw Bishop
driving in the general direction of his vacant lot and Cranford=s property.  Chief Morris drove to Cranford=s and
Bishop=s
properties and saw that the north wall of Cranford=s
buildingCthe wall
facing Bishop=s vacant lotChad been
spray painted with the words AALERT
PERVERT AREA,@ ADo Not
Enter,@ and AStay
out.@  Cranford received a bid for $2,457 from
plasterer Bryan Davidson to repair the wall to cover up the spray paint.

III. SUFFICIENCY OF THE EVIDENCE

In his
first issue, Bishop argues that the evidence is legally and factually
insufficient to sustain his conviction for the offense of graffiti because the
State failed to prove that Cranford owned the wall that he had spray
painted.  He argues that the evidence
demonstrates that two walls separate his property from Cranford=s
property and that he owns one of themCthe one
that he had spray painted.

A. Standards of Review

1.  Legal
Sufficiency








In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235
S.W.3d at 778.  The trier of fact is the
sole judge of the weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim.
App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder. Dewberry v. State, 4
S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131
(2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@ 
Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.








2.  Factual
Sufficiency

When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party. Steadman
v. State, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Steadman, 280 S.W.3d at
246; Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, although legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








Unless
we conclude that it is necessary to correct manifest injustice, we must give
due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.








In
determining whether the evidence is factually insufficient to support a
conviction that is nevertheless supported by legally sufficient evidence, it is
not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Watson, 204 S.W.3d at 417.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have decided
differently than the jury or because we disagree with the jury=s resolution
of a conflict in the evidence.  Id.  We may not simply substitute our judgment for
the factfinder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Our deference in this regard safeguards the
defendant=s right to a trial by jury.  Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008).  An opinion
addressing factual sufficiency must include a discussion of the most important
and relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. 
Elements of the Offense of Graffiti

A person
commits an offense if he (1) intentionally or knowingly makes markings (2) on
the tangible property of another person (3) without the effective consent of
the owner (4) with paint, an indelible marker, or an etching or engraving
device.  Tex. Penal Code Ann. ' 28.08(a)
(Vernon Supp. 2009). If the amount of pecuniary loss is $1,500 or more but less
than $20,000, the offense is a state jail felony.  Id. ' 28.08(b)(3).

The
penal code defines an Aowner@ as a
person who Ahas title to the property,
possession of the property, whether lawful or not, or a greater right to
possession of the property than the actor.@  See Tex. Penal Code Ann. '
1.07(a)(35) (Vernon Supp. 2009).

C. Legally Sufficient Evidence








Here,
the evidence at trial demonstrated that Cranford owns the southern twenty-five
feet of lots 10, 11, and 12 and that Bishop owns the center twenty-five feet of
lots 10, 11, and 12.  The evidence also
demonstrated that Bishop purchased the property as a vacant lot and that
Cranford purchased her property with a building on it.  Shirley Craighead testified when she sold
Cranford the property in 2006, she Asold her
a building@ and that buildings come with
walls.  Craighead testified that when she
owned the property, she and Bishop never had any agreement that Bishop owned
part of the walls of her building. 
Cranford testified that she never had an agreement with Bishop, or any
notice, that the wall in question belonged to Bishop.  She also testified that she did not give
Bishop permission to spray paint the wall.

Viewing
the evidence in the light most favorable to the jury=s
verdict, we hold that a rational trier of fact could have found that the
evidence at trial was sufficient to establish that Cranford has title to the
wall, possession of the wall, whether lawful or not, or a greater right to
possession of the wall than Bishop. See Tex. Penal Code Ann. '
1.07(a)(35); Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778.  Accordingly, we hold
that the evidence is legally sufficient to support Bishop=s
conviction.

D. Factually Sufficient Evidence

Bishop
argues that no rational juror could have found that he was not the owner of the
wall.  He points to evidence presented at
trial that a dispute existed about the boundary of his property and that the
wall that he had spray painted was actually a remnant of a building that once
existed on his now-vacant lot, rather than a wall to Cranford's building.








Specifically,
Paul Hayers testified that he is the City Attorney for Electra and that he had
prepared the deed from Craighead to Cranford in 2006.  He testified that, prior to Bishop=s
purchase the vacant lot, Asomebody made a mistake at some
point@ in the
legal description of that property.  Roy
Woodman, a land surveyor, testified that he had surveyed Bishop=s
property and had determined that the boundary line of that property is located
approximately seven-tenths of a foot inside the wall of the building on
Cranford=s lot.








Regarding
evidence of the second wall, Cranford testified that the color of the brick on
the front of her building is a different color than the brick on the north wall
that faces Bishop=s property.  Davidson testified that holes in the north
wall are consistent with rafters or roof beams. 
Woodman explained that the width of the overlap between the boundary of
Bishop=s
property line and the north wall is approximately the length of one brick.  The most significant evidence supporting
Bishop=s
argument is a discrepancy in the tax appraisal records for Bishop=s
property.  The State introduced tax
appraisal records from the Wichita County Appraisal District for Cranford=s and
Bishop=s
properties. The record for Bishop=s
property shows that he owns a vacant lot, and the comments section of the
record is blank.  Lisa Musick, the deputy
chief appraiser for the appraisal district, testified that structures that add
value to an appraised property are included in an appraisal but that structures
that do not add value to the property are not included in an appraisal and are,
instead, typically noted in the comments section.  On cross-examination, Musick testified that the
tax appraisal record for Bishop=s
property used to include the following notation in the comments section:  AA recent
survey indicates side wall units attached to adjacent buildings on this
parcel.  No conclusive evidence of who is
the owner of the walls. . . .@  A copy of the prior version of the tax
appraisal record for Bishop=s
property that included this notation was introduced at trial.  Musick testified that Aat some
point in time someone . . .  involved in
this case [came] into our office and talked to an appraiser.@  Afterwards, Musick removed the comment from
the tax appraisal record for Bishop=s
property because the comment was not in the correct place, and she Amoved it
into the appropriate place in [the appraisal district=s]
computer system.@








We have
considered the evidence in a neutral light, favoring neither party. See
Steadman, 280 S.W.3d at 242; Watson, 204 S.W.3d at 414.
Notwithstanding evidence of the boundary dispute and of a second wall, the
evidence also showed that Cranford purchased a lot with a building, whereas
Bishop purchased a vacant lot.  The
evidence also demonstrated that Cranford had previously asked for and had
received Bishop=s permission to go onto his
property to repair the exterior of the north wallCthe wall
that Bishop now claims to own.  Proof of
ownership, which may be decided by direct or circumstantial evidence, was an
issue for the jury to decide.  Robertson
v. State, 871 S.W.2d 701, 707 (Tex. Crim. App. 1993), cert. denied,
513 U.S. 853 (1994); Liggens v. State, 50 S.W.3d 657, 660 (Tex. App.CFort
Worth 2001, pet. ref=d).  The jury could have determined that Cranford
had title to the wall, possession of the wall, whether lawful or not, or a
greater right to possession of the wall than Bishop.[2]  See Tex. Penal Code Ann. '
1.07(a)(35); Lancon, 253 S.W.3d at 706; Robertson, 871 S.W.2d at
707; Liggens, 50 S.W.3d at 660; see also Fuentes v. State, 991
S.W.2d 267, 271B72 (Tex. Crim. App.) (noting
that Ato avoid
intruding on the jury=s role as arbiter of the weight
and credibility of the evidence, a factual sufficiency review remains
deferential to the jury=s verdict@), cert.
denied, 528 U.S. 1026 (1999).

We
cannot say that the evidence supporting Bishop=s
conviction was so weak that the jury=s
determination was clearly wrong or manifestly unjust or that it was
contradicted by the great weight and preponderance of the evidence.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  We hold that the evidence presented at trial
was sufficient to support the verdict, and no contrary evidence exists that
would render the evidence factually insufficient under the applicable standard
of review.  See Lancon, 253 S.W.3d
at 704; Watson, 204 S.W.3d at 414B15, 417.
Accordingly, we hold that the evidence is factually sufficient to support
Bishop=s
conviction.








Having
held that the evidence is legally and factually sufficient, we overrule Bishop=s first
issue.

IV.  EFFECTIVE ASSISTANCE
OF COUNSEL

In his
second issue, Bishop argues that his counsel was ineffective for not requesting
a jury instruction on the lesser included offense of Class B misdemeanor
graffiti, or graffiti causing pecuniary loss of less than $500.  See Tex. Penal Code Ann. ' 28.08(b)(1).  He argues that Davidson=s
testimony that he could repair the wall for as little as $450 supported this
instruction.[3]

A. 
Standard of Review








We apply
a two‑pronged test to ineffective assistance of counsel claims. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 62B63 (Tex. Crim. App. 2001); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  To establish ineffective assistance of
counsel, appellant must show by a preponderance of the evidence that his
counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; Salinas, 163 S.W.3d at 740; Mallett, 65 S.W.3d at 62B63; Thompson,
9 S.W.3d at 812.








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim. Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The
second prong of Strickland requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial
with a reliable result.  Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.  In
other words, the appellant must show there is a reasonable probability that,
but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B.  Law on
Failure to Request Lesser Included Offense Instruction








Defense
counsel=s
failure to request a jury instruction can render his assistance ineffective if,
under the particular facts of the case, the trial judge would have erred in
refusing the instruction had counsel requested it.  See Vasquez v. State, 830
S.W.2d 948, 951 (Tex. Crim. App. 1992); Wood v. State, 4 S.W.3d 85, 87
(Tex. App.CFort Worth 1999, pet. ref=d).  However, it may be reasonable trial strategy
not to request a charge on a lesser‑included offense.  See Lynn v. State, 860 S.W.2d 599, 603
(Tex. App.CCorpus Christi 1993, pet. ref=d).  The defendant bears the burden of rebutting
the strong presumption that, under the circumstances, counsel=s
decision not to request the instruction was sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771B72 (Tex.
Crim. App. 1994) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at
2065); Wood, 4 S.W.3d at 87. 
Thus, the accused must provide a record on appeal from which the
reviewing court can determine that trial counsel=s
performance was not based on sound strategy. 
See Jackson, 877 S.W.2d at 771B72.

C.  Counsel
Was Not Ineffective

Here,
the record from the charge conference shows that defense counsel was employing
an Aall or
nothing@
strategy by not requesting a lesser included offense instruction on misdemeanor
graffiti.  This decision was also
consistent with Bishop=s primary defensive theoryCthat he
owned the wall that he had spray-painted and that, consequently, he could not
be guilty of graffiti.








At the
charge conference, the State and defense counsel discussed whether Bishop would
request a lesser included offense instruction. 
Defense counsel stated that although Asome
trial lawyers would@ request such an instruction, he
had discussed it with Bishop and had decided against requesting a lesser
included offense instruction.  He stated,
AIt=s been a
very difficult decision, but this whole case has been prosecuted as a felony
only from the get-go.@ 
Moreover, Bishop did not file a motion for new trial, and the record is
otherwise silent on trial counsel=s
reasoning.  Because the record
demonstrates that defense counsel was aware of the availability of a lesser
included offense instruction and made a strategic decision not to request it,
we cannot say that his decision was anything other than sound trial
strategy.  See Sendejo v. State,
26 S.W.3d 676, 678B80 (Tex. App.CCorpus
Christi 2000, pet. ref=d) (finding defense counsel not
ineffective when he knew instruction was available but chose to Aroll the
dice@ by not
requesting it, consistent with his defensive theory); Lynn, 860 S.W.2d
at 603 (ASuch a
decision, although risky, is sometimes successful.@).

Based on
the record before us, in light of the strong presumption of reasonable
professional assistance by defense counsel, we hold that Bishop has not met his
burden of showing by a preponderance of the evidence that his trial counsel=s
representation fell below the standard of prevailing professional norms.  See Strickland, 466 U.S. at 690, 104
S. Ct. at 2066; Thompson, 9 S.W.3d at 813.  We overrule Bishop=s second
issue.








V.  CONCLUSION

Having
overruled Bishop=s two issues, we affirm the
trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DATE:  April 8, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]The jury charge included
the penal code=s definition of an Aowner.@  See Tex. Penal Code Ann. ' 1.07(a)(35).





[3]Davidson testified on
cross-examination that if he simply painted over the spray-painted area of the
wall with paint that matched the existing wall color without repainting and
retexturing the entire wall, he would charge approximately $450.  He testified that his professional opinion,
however, is that the entire wall should be repainted and refinished and that it
would be Avery obvious@ if someone simply
painted over the spray-painted area.